IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA JEAN VICE | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL ACTION NO. 1:05CV258-LG-RHW |
| | § | |
| DANVID WINDOW COMPANY AND | § | |
| SHERLY M. FULLER | § | DEFENDANTS |

MEMORANDUM OPINION AND ORDER DENYING
SHERLY M. FULLER'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER IS BEFORE THE COURT on the defendant, Sherly M. Fuller's Motion for Summary Judgment [31]. After reviewing the submissions of the parties and the relevant law, the Court finds that the defendant, Sherly M. Fuller's Motion for Summary Judgment should be denied.

FACTS

The plaintiff, Patricia Vice ("Vice"), alleges that she was injured while inspecting windows delivered in a truck by Sherly M. Fuller ("Fuller"), an employee of the defendant, Danvid Window Company ("Danvid") on February 7, 2001. She asserts that the wind blew the truck door shut, causing it to strike her. Vice argues that Fuller acted negligently by failing to secure the truck's door. On June 25, 2003, Vice filed suit in the Circuit Court of Jackson County, Mississippi ("the 2003 suit"). She named Danvid and "John Doe" as the defendants, since she did not know the identity of the truck driver. Danvid did not answer the Complaint, and a Default Judgment was granted in Vice's favor on April 22, 2005, awarding her $1,000,000.00.

On February 5, 2004, Vice filed another identical suit ("the 2004 suit") against Danvid

and "John Doe." In May of 2005, Danvid removed both suits to federal court.[1] On March 22, 2006, counsel for Danvid notified Vice's counsel that Fuller was the driver of the truck that allegedly injured Vice. On March 27, 2006, Vice amended her Complaint in the 2004 suit to name Fuller as a defendant.[2] Vice filed four Motions for Additional Time to serve Fuller, and each Motion was granted, allowing her until November 17, 2006, to serve Fuller. On October 12, 2006, Vice successfully served Fuller with process. Fuller answered the Amended Complaint and filed a Motion for Summary Judgment, seeking dismissal of the 2004 suit against him.

## DISCUSSION

**THE STATUTE OF LIMITATIONS**

Fuller alleges that the Amended Complaint did not relate back to the original complaint, and therefore the statute of limitations expired before Fuller was named as a defendant. In response, Vice argues that the statute of limitations was tolled pursuant to MISS. CODE ANN. §15-1-63, which provides:

> If, after any cause of action has accrued in this state, the person against whom it has accrued be absent from and reside out of state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after he shall return.

Fuller argues that the tolling statute, MISS. CODE ANN. §15-1-63, is unconstitutional pursuant to *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888 (1988), in which

---

[1] Danvid has not moved to set aside the default judgment in the 2003 suit, although it alleges that service of process was insufficient and that the circuit court failed to conduct a damages hearing prior to granting the default judgment. On April 1, 2003, Danvid's assets were purchased by Atrium Companies, Inc., which still operates under the Danvid trade name. Atrium Companies alleges that the proper defendant in Vice's suits is DMC Liquidation Company 2003, since that is allegedly the entity that its responsible for Danvid's debts and liabilities.

[2] Vice has not amended the complaint in the 2003 suit in order to name Fuller as a defendant.

the Supreme Court held that an Ohio tolling statute violated the Commerce Clause of the United States Constitution.  The statute at issue in *Bendix* provided:

> When a cause of action against a person, if the person is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action . . . does not begin to run until the person comes into the state or while the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as part of a period within which the action must be brought.

OHIO REV. CODE ANN. §2305.15 (1987).  In *Bendix*, a nonresident corporation was sued for improperly installing a boiler.  *Bendix Autolite Corp.*, 486 U.S. at 889-90.  The Court reasoned that the statute was an impermissible burden on interstate commerce since it required nonresident corporations to choose between exposing themselves to the general jurisdiction of the Ohio courts or forfeiting any statute of limitations defense under the tolling statute.  *Id.* at 894-95.  However, Vice argues that the tolling statute at issue in *Blyth v. Marcus*, 517 S.E. 2d 433 (S.C. 1999), is more analogous to the one at issue in the present suit since the South Carolina statute at issue in *Blyth*, like the Mississippi statute at issue in the present suit, had been judicially limited to apply only in circumstances in which the name and location of the defendant are unknown to the plaintiff.  *Blyth*, 517 S.E. 2d at 368.  In *Blyth*, the Court held that the tolling statute was "substantially different" from the Ohio statute at issue in *Bendix* and did not violate the Commerce clause due to those limitations.  *Id.* at 369.  The Court finds that MISS. CODE ANN. §15-1-63 does not violate the Commerce Clause since the statute only tolls the statute of limitations when the defendant is not amenable to service of process because his whereabouts are unknown, and therefore does not place an impermissible burden on interstate commerce.  *See Sullivan v. Trustmark Nat'l Bank*, 653 So. 2d 930, 931 (Miss. 1995).  Therefore,

it is necessary to determine whether Plaintiff has presented evidence which tends to show that the statute of limitations was tolled pursuant to MISS. CODE ANN. §15-1-63.

The Mississippi Supreme Court has explained the applicability of this statute as follows:

> We have construed this code provision and its predecessors to require that a plaintiff seeking to benefit from it must have been unable to effect service on the defendant for the period which it is claimed that the statute is tolled.  That is, the defendant must have left the state and not be amenable to service under a long-arm statute or other means, because for example, his whereabouts are unknown.  The period of time that the defendant's whereabouts are unknown is deducted from the period of the statute which would otherwise have run, in effect, adding that time to the statute of limitations.  However, the statute of limitations is not tolled where the plaintiff knew or should have known of the defendant's whereabouts.

*Sullivan*, 653 So. 2d at 931 (Miss. 1995)(citations omitted).

A plea of the statute of limitations is an affirmative defense and carrying the burden of proof lies on the party who relies upon that defense.  *Natchez Elec. and Supply Co., Inc. v. Johnson*, 2007 WL 114299, *4 (Miss 2007) (citing *Philley v. Toler* 239 Miss. 362, 123 So.2d 223, 229 (1960).  However, the plaintiff has the burden of demonstrating that the defendant was absent and not amenable to service.  *Id.* at 931-32.

Vice has produced affidavits from her attorney and a process server, detailing efforts to determine the identity and the location of Fuller.  The first attempt to learn Fuller's identity was during May of 2005, less than a month after Danvid made an appearance in both suits, when counsel for Vice contacted counsel for Danvid and informed him that he needed the identity of the truck driver as soon as possible.  (Ex. 1-C to Vice's Resp.).  Vice alleges that she could not have learned of Fuller's identity prior to May of 2005, since Danvid did not make an appearance in either lawsuit prior to that time.  Counsel for Danvid provided Vice's attorney with Fuller's

full name, and two possible addresses on March 22, 2006. One of the addresses provided– 2966 Marquis Lane, Lancaster, Texas– was Fuller's correct address. However, Vice alleges that Fuller's wife told the process server that she did not know Fuller when he attempted service at the correct address. (Ex. 1-O to Vice's Resp.). Vice asserts that three private investigators were hired in an attempt to locate Fuller between March and October of 2006. Service was eventually accomplished on October 12, 2006, after a private investigator learned that Fuller's wife lived at the Marquis Lane address originally provided to Vice's counsel by Danvid.

Vice argues that the statute of limitations should have been tolled between the date of her accident (February 7, 2001) and the date on which she served Fuller with process (October 12, 2006), since she did not know his identity until March 22, 2006, and did not know his whereabouts, in part because of Fuller's evasive actions, until October 12, 2006. Vice has demonstrated that she could not have learned the identity of Fuller until Danvid made an appearance in the lawsuits. The bankruptcy and subsequent asset purchase of Danvid complicated Vice's efforts to establish contact with the company that owned the truck that injured her, and thus impeded her ability to learn the identity of Fuller until a defendant made an appearance in the lawsuits. Additionally, she has demonstrated that she acted diligently in attempting to locate and serve Fuller after she learned his identity. At a minimum, their exist genuine issues of material as to whether the statute of limitations was tolled between the date of the accident (February 7, 2001) and the date on which Fuller was served with process (October 12, 2006) which preclude judgment as a matter of law on Defendant's statute of limitations affirmative defense.

### RES JUDICATA

Fuller also asserts that this suit is barred by the doctrine of *res judicata*, since a default judgment has been entered against Danvid in the 2003 suit. "To determine the preclusive effect of a state court judgment in a federal action, 'federal courts must apply the law of the state from which the judgment emerged.'" *Black v. North Panola School Dist.*, 461 F.3d 584, 588 (5th Cir. 2006). The default judgment was entered against Danvid in the Circuit Court of Jackson County, Mississippi. Therefore, Mississippi law applies. Under Mississippi law, a default judgment "is given the same effect as if a verdict was entered for the plaintiff and accordingly can have a preclusive effect on other litigation." *Franklin Collection Serv., Inc. v. Stewart*, 863 So. 2d 925, 929 (¶10) (Miss. 2003). Under the doctrine of *res judicata* parties are prevented from litigating issues tried in a prior lawsuit, as well as matters which could have been litigated in the prior suit, if four identities are present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Little v. V&G Welding Supply, Inc.*, 704 So. 2d 1336, 1337-78 (¶¶8-9) (Miss. 1997). The 2003 and 2004 Complaints filed by Vice are almost identical, and assert the same cause of action as a result of the injuries that she suffered when the truck door struck her. Therefore, the first and second identities have been satisfied.

As for the third identity, strict identity of the parties is not necessary. *Little*, 704 So. 2d at 1339 (¶15). Rather, a defendant that is in privity with a defendant to the previous action can assert *res judicata*. *Id.* Thus, regardless of whether Fuller's "John Doe" status in the 2003 suit qualified him as a party, it is sufficient that Fuller was in privity with Danvid, due to the fact that he was Danvid's employee at the time of the accident. *See Black v. City of Tupelo*, 853 So. 2d

1221, 1225 (¶11) (Miss. 2003)(holding that police officers were in privity with their employer, the City of Tupelo Police Department).  Therefore, identity of the parties is present.  Finally, the fourth identity is present since Danvid was not named in a limited or representative capacity in either suit.  *See Davis Island Land Co., LLC v. Vicksburg Warren School Dist.*, 949 So. 2d 754, 758 (¶14) (Miss. Ct. App. 2006).  Therefore, the four identities of *res judicata* are met in this case.

However, Vice argues that she can sue Fuller in order to recover the amount of the default judgment in this lawsuit pursuant to *Turner v. Pickens*, 711 So. 2d 891 (Miss. 1998).  In *Turner*, the Mississippi Supreme Court noted: "A partial payment of a judgment against one joint tortfeasor is not a satisfaction which will prevent the maintenance of an action against another." *Turner*, 711 So. 2d at 893 (¶7)(quoting 74 AM. JUR. 2D *Torts* §85 (1974)).  As a result, Vice argues that she can maintain this suit against Fuller in order to recover the amount of the default judgment.  Nevertheless, Fuller argues that *Turner* and other cases relied upon by Vice only apply to joint obligors pursuant to Mississippi law.  In *J & J Timber Co. v. Broome*, 932 So. 2d 1 (Miss. 2006), the Mississippi Supreme Court held that when a plaintiff releases an employer sued pursuant to *respondeat superior* from liability, the employee also is released from liability.  *J & J Timber Co.*, 932 So. 2d at 6 (¶19).  However, in *J & J Timber*, the Court quoted the following language from *Granquist v. Crystal Springs Lumber Co.*, 1 So. 2d 216, 218 (Miss. 1941), with approval:

> [T]he liability of the principal or master which was solely a derivative of, or a dependency from, and identical with the tort of the agent or servant, becomes merged into the judgment recovered against the agent or servant **if that judgment be collectible**, **for that the wrong has then been legally satisfied and no subsequent or separate action against the principal or master will be allowed**.

*Id.* at 5(¶17)(quoting *Granquist*, 1 So. 2d at 218)(emphasis added).[3] In the present suit, the default judgment has not been legally satisfied and Danvid has not been released from liability. Therefore, the Court finds that the *J & J Timber* decision is distinguishable from the present suit, and Vice is permitted to sue Fuller for the amount of the default judgment.

### SERVICE OF PROCESS

Fuller also argues that this action should be dismissed because Vice did not serve him with process within 120 days after the case was removed to this Court. FED. R. CIV. P. 4(m) provides that the Court must extend the time for service of process if the plaintiff demonstrates good cause for the failure to serve the defendant within 120 days.

On March 27, 2006, Vice amended her Complaint in the 2004 suit to name Fuller as a defendant. Vice filed four Motions for Additional Time to serve Fuller, and each Motion was granted, allowing her until November 17, 2006, to serve Fuller. On October 12, 2006, Vice successfully served Fuller with process. She has presented evidence to the Court that Fuller attempted to evade service of process, and that she hired three private investigators in an attempt to locate him. Additionally, she has demonstrated that she could not have learned the identity of Fuller until Danvid made an appearance in the lawsuits. Therefore, Vice has demonstrated good cause for failing to serve Fuller within 120 days of filing suit. Accordingly, for the reasons stated above,

**IT IS ORDERED AND ADJUDGED** that Motion of the Defendant, Sherly Fuller, for

---

[3] The Court also noted that the analysis in the *Granquist* decision was applicable to situations in which the plaintiff settles with and releases the employer from liability and then files a separate suit against the employee. *J & J Timber Co.*, 932 So. 2d at 5(¶17).

Summary Judgment [31] pursuant to FED. R. CIV. P. 56, should be, and is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of June, 2007.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE